# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**SHAN LAUGAND**                                                                    **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO. 1:17cv44-LG-RHW**

**UNKNOWN COULTER,** *et al.*                                           **DEFENDANTS**

## REPORT AND RECOMMENDATION

The Court conducted a *sua sponte* review of the pleadings to determine the status of this case prisoner civil rights action filed February 24, 2017 pursuant to 42 U.S.C. § 1983. The complaint asserts that Laugand received constitutionally inadequate medical care for a "distal finger tip amputation" of the middle finger on his right hand which occurred November 24, 2016 at the Harrison County Adult Detention Center (HCADC) when Laugand put his hand on the wall next to the door going into his cell, and the tower officer shut the cell door closing his finger in the door. Laugand claims violation of his 8th and 14th Amendment rights by his being discharged from the hospital a day early, not being taken back to the hospital for follow-up appointments as scheduled, and by being given only Ibuprofen for pain. Laugand has taken no action in the case since May 10, 2017 when he filed a change of address to the Pascagoula Restitution Center. [22]

Defendants answered the lawsuit on June 2, 2017. [23], [24] On June 5, 2017, the Court entered [25] an order requiring Laugand to provide additional information by June 26, 2017. The copy of the order mailed to Laugand at the Pascagoula Restitution Center was returned as undeliverable. [27] On June 19, 2017, the Court entered [28] an order setting this matter for an

omnibus hearing to screen the case. The copy of this order mailed to Laugand at the Pascagoula Restitution Center was also returned as undeliverable. [29]

As of the date of this Report and Recommendation, the Harrison County Jail web site shows Laugand was released from that facility on April 11, 2017, which corresponds with Laugand's first change of address on April 20, 2017 to Mississippi Department of Corrections (MDOC) custody. [13] On April 27, 2017, Laugand changed his address back to HCADC. [14] Then, as previously stated, Laugand filed his last change of address on May 10, 2017, to the Pascagoula Restitution Center, which is an MDOC facility, according to the MDOC web site. [22] However, as of the date of this Report and Recommendation, the MDOC web site shows no inmate named Shan Laugand in its custody. At least four prior Court orders have explicitly warned Plaintiff that his failure to advise the Court of a change of address "will be deemed as a purposeful delay and contumacious act ... and may result in the dismissal of this case."[1]

This court has the authority to dismiss an action *sua sponte* for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority. *See Link v. Wabash R.R.* 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). *See also, Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal based on inmate's failure to comply with a court order).

## **RECOMMENDATION**

Based on the foregoing, the undersigned United States Magistrate Judge recommends dismissal of Plaintiff's case for his failure to comply with the Court's orders.

---

[1] Order [3] filed February 24, 2017; orders [6] and [7] filed March 10, 2017; and Order [11] filed April 5, 2017.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

After being served a copy of a Report and Recommendation (R&R), a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the R&R. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Court need not consider frivolous, conclusive, or general objections. Opposing parties have seven days after being served with objections, to serve and file a response or to notify the District Judge he does not intend to respond to the objections. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 7th day of September, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE